IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DONALD MATHIS                                                                                              PLAINTIFF

      v.                                    Civil No.1:08-cv-01021

BRIAN BAKER, ET AL.                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Donald Ray Mathis (hereinafter Mathis) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 31, 2008. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On December 19, 2008, Defendants filed a motion to compel responses to discovery requests (Doc. 16). The discovery requests had been propounded on August 22, 2008. For a period of time, the Court had no valid address for the Plaintiff as he had been paroled from the Arkansas Department of Correction and did not provide his address upon release. On April 1, 2009, Plaintiff became incarcerated again and an address change was entered (Doc. 19).

That same day, the motion to compel was granted (Doc. 20). Plaintiff was directed to provide the discovery responses by April 17, 2009 (Doc. 20). On April 20, 2009, Defendants filed a motion to dismiss (Doc. 21) on the grounds that Plaintiff failed to provide the discovery responses. Plaintiff responded (Doc. 22) to the motion to dismiss and motion to compel. He noted that he had changed his address and asked that the documents be resent to him (Doc. 22). Defendants filed a reply brief (Doc. 23) indicating they were sending Plaintiff another copy of the discovery requests.

The motion to dismiss (Doc. 21) was denied as moot.

On July 17, 2009, Defendants once again filed a motion to dismiss (Doc. 25) on the grounds that Plaintiff failed to provide them with discovery responses. In apparent response to this motion, on July 28, 2009, Plaintiff filed a motion for appointment of counsel and a notice of change of address (Doc. 26).

Because more information was needed regarding his motion for appointment of counsel and in response to Defendants' motion to dismiss, on July 30, 2009, a questionnaire was propounded to the Plaintiff (Doc. 28). Plaintiff was given until August 31, 2009, to respond to the questionnaire (Doc. 28).

On September 8, 2009, Plaintiff sought an extension of time (Doc. 32) to respond to the questionnaire. The motion was granted (Doc. 33). Plaintiff was given until September 30th to respond to the questionnaire.

On October 14, 2009, Defendants filed a third motion to dismiss (Doc. 34). They point out that their discovery requests have been pending since August 22, 2008, and Plaintiff has not yet responded to them. Further, they note Plaintiff failed to respond to the court's questionnaire. They ask that this case be dismissed based on Plaintiff's failure to prosecute and his failure to obey the orders of this court.

Plaintiff has not filed his response to the questionnaire. He has not sought another extension of time to respond. He has not provided the discovery responses to the Defendants. He has not communicated with the court in anyway.

I therefore recommend the Defendants' motions to dismiss (Doc. 25 and Doc. 34) be granted and the case be dismissed on the grounds Plaintiff has failed to prosecute this action and obey the

orders of this court. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of October 2009.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE